**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Whiting, Leroy Whiting and Lorenzo Garcia,<br><br>Plaintiff,<br><br>v.<br><br>Dana A. Hogan; Clark Moving and Storage of Albany, Inc., and Mayflower Transit, LLC; et al.<br><br>Defendants. | No. 12-CV-08039-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Strike Plaintiffs' Experts. (Doc. 116.) For the reasons discussed below, the Court grants in part and denies in part the Motion.

## DISCUSSION

**I.  SUFFICIENCY AND TIMELINESS OF EXPERT DISCLOSURES**

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. In addition to disclosing the identity of expert witnesses, Rule 26(a)(2)(B) sets out the requirements for providing written reports:

> Unless otherwise stipulated or ordered by the court, this [expert] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in

forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Further, Rule 26(a)(2)(D) demands that disclosures are timely made based on "the times and in the sequence that the court orders." The Case Management Order ("CMO") entered by the Court on April 9, 2012, states that "[t]he party with the burden of proof shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **March 15, 2013**." (Doc. 59 ¶ 5(a)) (emphasis in original).

Plaintiffs have not abided by the deadline for expert disclosures as set by the Court. On March 15, 2013, Plaintiffs filed a Notice of Service of Plaintiff's Expert Witness List and provided to Defendants the contact information, subject matter of testimony, and CVs for their four expert witnesses along with a case list of previous testimony for one of the witnesses. (Doc. 111; Doc. 116-1.) However, Plaintiffs did not file accompanying expert reports as required by Rule 26(a)(2)(B). During the two weeks following the deadline, they supplemented the original disclosure with expert reports but these were untimely. The dates of disclosures are: (1) March 22, 2013, for Dr. Keith Harvie and economist Thomas McKinnon (Doc. 116-2); (2) March 26, 2013, for consultant David Sonne (Doc. 116-6); and (3) March 27, 2013, for vocational rehabilitation expert Janet Toney (Doc. 116-7). Plaintiffs provided to Defendants a "missing impairment rating page" from Dr. Harvie's report on March 26, 2013. (Doc. 116-5.)

Defendants further note that Plaintiffs only recently provided the previous case testimony lists for Dr. Harvie and Ms. Toney, see Fed. R. Civ. P. 26(a)(2)(B)(v), on April 9, 2013, and that as of the date of their Reply, April 17, Plaintiffs have not provided a statement of the compensation paid to the experts for their reports, see id. 26(a)(2)(B)(vi). Thus, Plaintiffs failed to comply with Rule 26 and the deadline set out in the CMO for

expert disclosures, and the disclosures they did provide are deficient.

## II. SANCTIONS

Federal Rule of Civil Procedure 37(c)(1) describes the consequences for failing to provide timely or sufficient expert disclosures as required by Rule 26. Rule 37(c)(1) states: "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This discovery sanction is described as a "self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (citing the Advisory Committee's Notes to Rule 37(c)(1) (1993)) (internal quotation marks and alterations omitted). Plaintiffs may still introduce the expert testimony if they can prove that their failure to disclose was substantially justified or harmless. *Id.* at 1106-07.

### A. Substantial Justification

Plaintiffs argue that sanctions are unwarranted because their failure to disclose was substantially justified. Plaintiffs contend that the experts did not provide their reports in time despite "exhortations for them to do so" and that after Plaintiffs "timely retained and provided all necessary information to their experts," they were "at the experts' mercy as to when their reports would be tendered." (Doc. 120 at 4-5.) In support, Plaintiffs refer to *Potlatch Corp v. U.S.*, in which the Ninth circuit reversed a district court's exclusion of the government's expert witness based on a violation of the Rule 26 disclosure obligations. 679 F.2d 153, 156 (9th Cir. 1982). The Ninth Circuit found that "[o]nce the experts had been hired, the completion date of their reports was beyond the control of the Government." *Id.*

The disclosure delay in *Potlatch* is distinguishable from this case. There, the government's attorney had advised the district court during a case management conference that the experts would require six months to prepare their reports and that the proposed deadline would not be workable; the experts "did well" and completed the reports in six months as expected. *Id.* at 155-56. The government notified the plaintiff

one month before the deadline that despite their diligence and that of the experts, the reports would not be completed by the deadline. *Id.* at 155. Here, Plaintiffs did not alert Defendants or the Court of delay in preparing the expert reports and providing disclosures nor was there any apparently justifiable reason for their delay. Further, the Ninth Circuit noted in *Potlatch* that bureaucratic delay between the IRS and the DOJ and the plaintiff's delay in responding to interrogatories could not be ignored in contributing to missing the deadline. *Id.* at 156. There were no such extraordinary circumstances here. Plaintiffs further provide no evidence concerning how long, once discovery was initiated they waited before engaging their experts, nor whether they provided their experts with adequate notice of the applicable deadlines.

Plaintiffs have not carried their burden to prove that their delay was substantially justified. They do not provide any rationale as to why they were not able to work with their experts to meet the disclosure deadline. It is revealing that Dr. Harvie's reports are dated March 1, 5, and 6, 2013 but were faxed to Plaintiffs and forwarded to Defendants on March 22 and Plaintiffs only recently disclosed previous case testimony lists for two of the experts on April 9. (Doc. 116-2.) As of April 17, 2013, Plaintiffs had not provided to Defendants a statement of compensation for the experts. That conduct remains unjustified. It is Plaintiffs' discovery obligation under the Rules to ensure that their experts provide timely reports. Plaintiffs did not inform the Court before the deadline of anticipated delay, let alone a delay based on good cause. Contrary to their argument, it is not sufficient that Plaintiffs provided the identity and expected testimony of the experts to Defendants on March 15, 2013. Such nominal disclosure is insufficient. The CMO required full disclosure in accordance with Rule 26(a)(2)(B) and as clearly therein, "[t]he deadlines are real."[1] (Doc. 59 ¶¶ 5(a), 10.)

---

[1] Plaintiffs further argue that Defendants failed to confer with them in good faith as required by the CMO before filing this Motion, see Doc. 59 ¶ 6(a), and thus it should be denied. However, this Motion does not concern a dispute in which the Parties cannot agree on an exchange of information or discovery. The damage was done by Plaintiffs after they decided to disclose their expert reports after March 15, 2013 in an untimely fashion and in violation of Rule 26. The Plaintiffs' additional argument that they offered

- 4 -

### B. Harmlessness

Plaintiffs contend that even if their delay was not substantially justified, no harm has accrued to Defendants from the delay. It is Plaintiffs' burden to prove that the delay was harmless. *Yeti*, 259 F.3d at 1106-07. Defendants contend that the disclosure delay was prejudicial because they expected to receive the expert reports two weeks in advance of the good faith settlement talks mandated by the Court scheduled for Thursday, March 28, 2013. (*See* Doc. 59 ¶ 8.) Instead, they received the final expert report on March 27, 2013 and were not able to accurately assess the strength of Plaintiffs' case before the mediation. (Doc. 116-7.) Plaintiffs assert that the mediation was non-binding and aimed at pre-trial settlement. They note that one of the three Plaintiffs, Lorenzo Garcia, agreed to settle at the mediation and that even if the reports had been timely received by Defendants, the other two Plaintiffs would not have settled because "the parties remain worlds apart both in value and liability." (Doc. 120 at 8.) However, Defendants point out that two of Plaintiffs' damages experts, Mr. McKinnon and Ms. Toney, are being offered solely for non-settling Plaintiff Larry Whiting "who claims large future, ongoing economic damages" and their reports were not disclosed until March 22 and 27, 2013, respectively. (Doc. 122 at 6.) The mediation would have been likely more productive if Defendants were timely provided full disclosure of Plaintiffs' damages case. The Court finds that the violation of Rule 26 was prejudicial to the mandatory mediation and not harmless.

Further, Defendants argue that the "limbo" created by Plaintiffs' violation and the pending Motion to Strike filed as a result is prejudicial. Defendants are not sure whether they should dedicate significant resources to depose Plaintiffs' experts before the deadline of May 17, 2013, if they are to be struck by the Court. Defendants would not have had their own experts prepare timely reports by the deadline of April 12, 2013, had

---

to stipulate to an extension of the Defendants' expert disclosures and depositions deadline to remedy their delay is also lacking. As stated in the CMO, "[e]ven if all parties stipulate to an extension, the Court will not extend the deadlines, absent good cause to do so." (*Id.* ¶ 10.) Plaintiffs fail to establish good cause for their delay.

- 5 -

they known Plaintiffs would not comply with Rule 26 and their experts would be struck. The Court will not consider this argument in determining whether the violation was harmless. Although Plaintiffs did not abide by the Court's mandatory deadline, Defendants are expected to proceed with discovery while the Court addresses any such violation. Defendants' unnecessary and wasteful expenditure resulting from Plaintiffs' disregard for the CMO may be properly addressed by levying monetary sanctions against Plaintiffs.

The Court finds that the Plaintiffs have not carried their burden to establish that their failure to disclose was harmless. They have shown in this case that they do not comprehend the significance of discovery deadlines and other protocol set out in the CMO. (*See* Doc. 110.) In fact, they unwisely state "no harm, no foul" in regards to their violation of Rule 26 and the CMO. (Doc. 120 at 7-8.) The Court must next turn to appropriate sanctions for such violation.

**C.    Sanctions**

The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti*, 259 F.3d at 1106. In addition to or instead of the exclusion sanction, the Court, on motion and after giving Plaintiffs opportunity to be heard: "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1).

While the Court certainly does not approve of Plaintiffs' delay in disclosing expert reports it does not merit excluding these important witnesses from the case. The last of Plaintiffs' expert reports was disclosed twelve days late on March 27, 2013. The case testimony lists for two of the experts were not provided to Defendants until April 9, 2013, and that Plaintiffs have yet to provide statements of compensation for any of the experts. The expert depositions deadline is May 17, 2013, but the Court will extend it by four weeks, thus there is sufficient time to prepare for them after receipt of the reports.

Although Defendants were prejudiced by not receiving the reports before the good faith settlement talks, excluding the experts is an excessive sanction. However, sanctions are warranted here. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Experts (Doc. 116) is **granted in part and denied in part,** as follows:

1. Plaintiffs will pay Defendants' reasonable expenses, including attorney's fees, incurred from preparing for and attending the mediation, and pursuing this Motion to Strike, upon Defendants' application in compliance with Local Rule 54.2.

2. Plaintiffs must supply the statements of compensation for all four experts **within one week (seven days) from the date of this Order**. If they fail to do so, Plaintiffs' experts shall be excluded from testifying at trial or offering an opinion for any other purpose in this case under Rule 37(c)(1).

3. The deadline for deposing Plaintiffs' expert witnesses will be extended by four weeks to **June 14, 2013.**

Dated this 16th day of May, 2013.

_G. Murray Snow_
United States District Judge