**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Whiting, Leroy Whiting and Lorenzo Garcia,<br><br>Plaintiff,<br><br>v.<br><br>Dana A. Hogan; Clark Moving and Storage of Albany, Inc., and Mayflower Transit, LLC; et al.<br><br>Defendants. | No. 12-CV-08039-PCT-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Motion for Defendants to Show Cause for Not Presenting Deponent Dana A. Hogan at the Noticed Date; Time; and Place for His Deposition, (Doc. 133), Motion to Expedite Briefing (Doc. 140), Defendants' Motion for Protective Order Re: Dana Hogan's Continued Deposition, (Doc. 135), Motion for Sanctions (Doc. 143), and Motion for Consolidate Argument (Doc. 152). For the reasons discussed below, the Court denies Plaintiffs' Motion and grants in part and denies in part Defendants' Motion.[1][2]

---

[1] Defendants' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.,* 933 F.2d 724, 729 (9th Cir. 1991).

[2] The Parties failed to comply with the Court's instruction in its Case Management Order that they "shall not file discovery motions or motions for sanctions without leave of the Court." (Doc. 59 ¶ 6(a).) The Court will not entertain further motions that are filed in contravention of that instruction.

## BACKGROUND

This matter involves yet another dispute between the Parties relating to discovery. On March 14, 2013, the Court ordered that Plaintiffs would be afforded the opportunity to re-open and continue the deposition of Defendant Dana Hogan on limited topics for two hours and eighteen minutes to be completed by May 13, 2013. (Doc. 110 at 22–23.) The Court further ordered that "[t]he parties shall agree upon a mutually convenient location and date for the deposition. In the alternative, they may jointly stipulate to take the deposition telephonically or by other remote means, pursuant to Fed. R. Civ. P. 30(b)(4)." (*Id.* at 21.)

Plaintiffs' counsel contacted Defendants' counsel on March 22, 2013, to request dates of availability and suitable locations to continue Hogan's deposition. (Doc. 133, Ex. 1.) On April 4, 2013, Plaintiffs offered to Defendants the dates of April 25, April 29-May 1, May 6-10, 13, and 15-17, 2013. (Doc. 137-1, Ex. 3.) On April 11, 2013, Defendants' counsel informed Plaintiffs' counsel that because Hogan was currently in Dallas, Texas, Hogan could hold the following week open in his trucking schedule to sit there for the deposition, with Defendants' counsel willing to travel from Phoenix to attend. Plaintiffs' counsel was not available that week due to conflicting commitments but stated "I want to be crystal clear that Plaintiff's [sic] are prepared to depose Defendant Hogan either in Florida; Canada; or any destination he so designates" provided that Plaintiffs' counsel received two weeks' notice. (Doc. 133, Ex. 3.) On April 16, 2013, Plaintiffs' counsel requested Defendants' counsel to provide locations that would be convenient for Hogan on the dates of May 6, 9, and 10, 2013. (*Id.*, Ex. 5.) On April 17, 2013, Defendants' counsel suggested the possibility of holding the deposition in Albuquerque, New Mexico, where Plaintiffs' counsel is located, on one of those dates if Plaintiffs wished to fly Hogan out to Albuquerque. (*Id.*, Ex. 6.) Counsel also suggested the alternative of conducting the deposition remotely. (*Id.*) Plaintiffs' counsel responded that Plaintiffs would arrange for Hogan's travel to Albuquerque for the deposition and were available to conduct it on May 6, 2013. (*Id.*, Ex. 7.)

On April 18, 2013, Defendants' counsel notified Plaintiffs' counsel that Hogan may be able to arrange to drive through Albuquerque on his trucking route and mentioned that although May 6 "may be out," counsel was "hopeful we can find another day around there" for the deposition. (*Id.*, Ex. 9.) Defendants' counsel directed Plaintiffs' counsel to "still hold May 6 for now." (*Id.*) On April 24, 2013, Defendants' counsel updated Hogan's availability and stated that Hogan had "tentatively arranged" to pass through Albuquerque twice on his routes but that the plans and dates were not finalized. (*Id.*, Ex. 10.) However, on April 29, 2013, Defendants' counsel informed Plaintiffs that it was no longer possible for Hogan to appear for the deposition in Albuquerque due to a change in his dispatch orders and suggested conducting the deposition in Phoenix on May 6 or 7, 2013, offering the use of Defendants' counsel's office. (*Id.*, Ex. 11.) Plaintiffs' counsel replied on April 30, 2013, that he would arrange for Hogan's flight from Phoenix to Albuquerque on May 6 so that he could attend the deposition and return to Phoenix the same evening. (*Id.*, Ex. 12.) Plaintiffs' counsel notified Defendants' counsel that he had already "setup the court reporter and videographer for May 6th here in reliance on earlier messages about the time, date, and place for Mr. Hogan's deposition." (*Id.*) However, Defendants' counsel informed Plaintiffs' counsel that the "logistics of this" are not viable and that Plaintiffs' counsel may instead fly out to conduct the deposition in Phoenix. (Doc. 137-2, Ex. 11.)

On May 1, 2013, the day after this exchange, Plaintiffs' counsel filed a Notice of Deposition of Defendant Dana A. Hogan with the Court, (Doc. 127), to which Defendants' counsel took objection, (Doc. 137-2, Ex. 12). On May 2, 2013, the court reporter who had been scheduled by Plaintiffs' counsel to record Hogan's deposition on May 6 in Albuquerque informed Plaintiffs' counsel that if the deposition was cancelled, the reporter would levy charges amounting to $375. (Doc. 133, Ex. 13.) On May 2 and 3, 2012, the Parties conferred by telephonic means but were not able to resolve this dispute. (*Id.*, Ex. 14.) Hogan did not appear for the noticed deposition in Albuquerque on May 6, 2013.

1   On May 7, 2013, Plaintiffs filed a Motion for Order to Show Cause as to why Hogan did not appear for the deposition. (Doc. 133.) Defendants filed a Motion for Protective Order regarding Hogan's continued deposition on May 9, 2013. (Doc. 135.) Because the two motions address substantially the same issues, the Court will address them together.

**DISCUSSION**

**I.   PROTECTIVE ORDER**

Defendants move for a protective order to terminate Hogan's deposition or limit it to a telephonic appearance, pursuant to Fed. R. Civ. P. 26(c).[3] Rule 26(c) states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" resulting from discovery requests. The burden is upon the movant to prove the necessity of a protective order, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (citations omitted). Rule 26(c) lists the following types of protective orders that a Court may issue, among others:

> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery.

Further, a district court enjoys broad discretion in controlling discovery. *Harper v. Betor,* 95 F.3d 1157 (9th Cir. 1996) (internal citation omitted). The Court "has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir. 1994).

---

[3] Defendants assert that they do not move for such an order under Fed. R. Civ. P. 30(d), which subsection allows for a motion to terminate or limit a deposition if it is being conducted in bad faith. (Doc. 135 at 9.)

- 4 -

In its Order authorizing the re-opening of Hogan's deposition, the Court noted the fact that "Hogan routinely trucks in Canada and resides in Florida. He would spend significant time and expense to travel to New Mexico for a second deposition of a little over two hours." (Doc. 110 at 13–14). Consequently, the Court ordered the Parties to "agree to a mutually convenient location for the second deposition. In the alternative, they may jointly stipulate to take the deposition telephonically or by other remote means." (*Id.* at 14.) It is clear from the record that Defendants did not lead Plaintiffs to believe that Hogan would definitely be able to appear for a deposition in New Mexico on May 6, 2013. Although Defendants' counsel signaled the possibility that Hogan may able to adjust his trucking route to drive through Albuquerque, there was no hard date agreed upon for such a deposition. Further, Defendants' counsel informed Plaintiffs as early as April 18, 2013, that a deposition in Albuquerque on May 6 may be not be possible. Defendants did not change their position regarding Hogan's availability or give the "green light" for such a date and location for his deposition.

Plaintiffs' counsel noticed the deposition on May 1, 2013, when it was evident that Hogan would not be able to appear for it. Plaintiffs' counsel unreasonably relied upon the slim possibility that Hogan could appear in Albuquerque on May 6 and allegedly incurred expenses from cancellation fees levied by the court reporter and videographer.[4] Plaintiffs are entirely responsible for bearing those expenses. Further, Defendants' counsel offered to conduct the deposition at his offices in Phoenix on May 6, 2013, more than one week in advance and assist in obtaining a court reporter and videographer. Plaintiffs' counsel rejected that offer.

Because Hogan's trucking schedule makes it difficult to conduct the second deposition in a particular geographic location, and, contrary to his representations, Plaintiffs' counsel seems unwilling to travel to Hogan's location to conduct it, the Parties shall conduct the deposition telephonically or by other remote means by the date set in

---

[4] Plaintiffs have not submitted evidence that they actually incurred or paid such fees due to the cancellation of the deposition.

this Order. *See* Fed. R. Civ. P. 30(b)(4) ("[T]he court may on motion order . . . that a deposition be taken by telephone or other remote means.") There shall be no further extensions or opportunities to continue Hogan's deposition. Plaintiffs' counsel contends that a live deposition is necessary to present certain exhibits to Hogan. However, as Defendants' counsel points out, Plaintiffs' counsel does not argue that those exhibits are not "Bates-stamped" or referable; the training documentation about which Hogan would be questioned was disclosed by Defendants Clark and Mayflower. Further, by not working around Hogan's schedule as the Court ordered, Plaintiffs mishandled their preferred option of taking a live deposition for the remaining time of two hours and eighteen minutes.

## II.  SANCTIONS

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). The Court has the inherent power to assess sanctions where a party "engaged in bad faith or willful disobedience of a court's order." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46–47 (1991).

Both Parties request sanctions relating to expenses incurred in litigating this wasteful discovery dispute. As discussed above, the Parties had not agreed to a mutually convenient location for Hogan's deposition. Taking into account Hogan's schedule and the brevity of the second deposition, the Court placed the burden on counsel to travel as needed to facilitate the deposition. Nevertheless, Plaintiffs' counsel noticed the deposition as taking place in Albuquerque on May 6, 2013, after it was clear that Hogan would not be able to adjust his trucking route to accommodate that location. Plaintiffs' counsel then brought this Motion to Show Cause as to why Hogan did not attend the deposition. Such tactics are in contravention of the Court's Order directing the Parties to agree on a location and if they cannot do so, to conduct the deposition remotely.

Consequently, Plaintiffs' counsel shall be sanctioned personally for attorneys' fees and costs incurred by Defendants in responding to the Motion to Show Cause and in bringing the Motion for Protective Order which go to the same issue. Plaintiff's counsel is prohibited from billing his client for the above amount or from, in any way, deducting it from any amount he may recover on behalf of his client. Plaintiffs' counsel is further ordered to provide a copy of this order to his clients and fully explain it to them. The Court denies Plaintiffs' request for sanctions against Defendants for filing the Motion for Protective Order.

**IT IS HEREBY ORDERED** that Defendants' Protective Order Re: Dana Hogan's Continued Deposition (Doc. 135) is **granted,** as follows:

1. Plaintiffs will continue Hogan's deposition for two hours and eighteen minutes (2:18) on the limited areas of inquiry described in the Court's previous Order (Doc. 110). However, such deposition will be conducted only by telephonic or other remote means pursuant to Fed. R. Civ. P. 30(b)(4).

2. The deadline for completing Hogan's second deposition shall be extended, to **July 8, 2013.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (Doc. 143) is **granted,** as follows:

1. Plaintiffs' counsel is ordered to pay Defendants' reasonable attorneys' fees and costs incurred in responding to the Motion to Show Cause (Doc. 133) and in bringing the Motion for Protective Order (Doc. 135) pursuant to Local Rule 7.2(j) and upon Defendants' application in compliance with Local Rule 54.2.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (Doc. 133) is **denied.**

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion to Expedite (Doc. 140) as being moot.

/ / /

/ / /

**IT IS FURTHER ORDERED** that Motion for Consolidated Argument and/or Decision (Doc. 152) is granted.

Dated this 7th day of June, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge